### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DANIEL BROE and HEIDI BROE,** | : | **No. 3:15cv985** |
| **Plaintiffs** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **STEVEN MANNS,** | : | |
| **Defendants** | : | |

:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### <u>MEMORANDUM</u>

Plaintiffs Daniel and Heidi Broe (hereinafter "plaintiffs") assert that Defendant Steven Manns (hereinafter "defendant") negligently collided with the back of their automobile.  Before the court for disposition is plaintiffs' motion for partial summary judgment on liability.  (Doc. 35).  For the reasons that follow, the court will grant plaintiffs' motion.

**Background**

This case arises from a rear-end automobile collision.  On June 7, 2013, plaintiffs were travelling in their vehicle on Route 590 in Hamlin, Pennsylvania when they slowed down to avoid a bear crossing the roadway.  (Pls.' Statement of Uncontested Facts (hereinafter "SOF") ¶¶ 1, 4).[1]  Defendant, who was driving behind plaintiffs, failed to brake his vehicle

---

[1]  We cite to plaintiffs' SOF for statements which defendant generally agrees with in his response.  (Doc. 41).

as plaintiffs slowed down, and ultimately struck the back of plaintiffs'
automobile.  (SOF ¶¶ 12, 13).

On May 20, 2015, plaintiffs filed a two-count complaint alleging
negligence and loss of consortium.  (Compl. ¶¶ 1-17).  On March 3, 2015,
plaintiffs moved for partial summary judgment on liability.  (Doc. 35).  The
parties have briefed their respective positions and the matter is ripe for
disposition.

**Jurisdiction**

The court has jurisdiction pursuant to the diversity statute, 28 U.S.C.
§ 1332.  Plaintiffs are citizens of Vermont and defendant is a citizen of
Pennsylvania.  (Compl. ¶ 1).  Because complete diversity of citizenship
exists between the parties and the amount in controversy exceeds
$75,000, the court has jurisdiction over the case.  See 28 U.S.C. § 1332
("[D]istrict courts shall have original jurisdiction of all civil actions where the
matter in controversy exceeds the sum or value of $75,000, exclusive of
interest and costs, and is between . . . citizens of different States[.]").  As a
federal court sitting in diversity, the substantive law of Pennsylvania shall
apply to the instant case.  Chamberlain v. Giampapa, 210 F.3d 154, 158
(3d Cir. 2000) (citing Erie R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).

**Standard of Review**

Granting summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.  See Knabe v. Boury, 114 F.3d 407, 410 n.4 (3d Cir. 1997) (citing FED. R. CIV. P. 56(c)).  "[T]his standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In considering a motion for summary judgment, the court must examine the facts in the light most favorable to the party opposing the motion.  Int'l Raw Materials, Ltd. v. Stauffer Chem. Co., 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party.  Anderson, 477 U.S. at 248.  A fact is material when it might affect the outcome of the suit under the governing law.  Id.  Where the nonmoving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by establishing that the

3

evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).  Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories demonstrating that there is a genuine issue for trial.  <u>Id.</u> at 324.

**Discussion**

Plaintiffs move for partial summary judgment on liability, contending that defendant's admission that he failed to brake to avoid their vehicle constitutes negligence *per se*.  Defendant argues that: (1) his admission, given during a deposition, is an insufficient basis upon which to grant summary judgment; and (2) the sudden emergency doctrine relieves him from liability.[2]  We address the issues of negligence *per se* and the sudden emergency doctrine in turn.

---

[2]  Additionally, defendant argues that summary judgment is improper because it cannot currently be determined what injuries, if any, defendant factually caused plaintiffs.  This is a damages issue rather than a liability issue.  Because plaintiffs move only for partial summary judgment on liability, defendant's argument is inapplicable to the instant motion.

## A. Negligence *per se*

The first issue we must address is whether defendant's admission that he failed to brake before colliding with plaintiffs' vehicle establishes negligence *per se*. "Negligence *per se* is a tool with which a plaintiff establishes two of the four required elements of a negligence claim: duty and breach." Fiorentino v. Cabot Oil & Gas Corp., 750 F. Supp. 2d 506, 515 (M.D. Pa. 2010) (citing J.E.J. v. Tri-County Big Brothers/Big Sisters, 692 A.2d 582 (Pa. Super. Ct. 1997)).  In Pennsylvania, negligence *per se* is defined as "conduct, whether of action or omission, which may be declared and treated as negligence without any argument or proof as to the particular surrounding circumstances."  Id. (quoting Wagner v. Anzon, Inc., 684 A.2d 570, 574 (Pa. Super. Ct. 1996) (internal citations omitted)).

It is well-settled that a violation of Pennsylvania's Motor Vehicle Code constitutes negligence *per se*.  Drew v. Work, 95 A.3d 324, 338 (Pa. Super. Ct. 2014) (citations omitted); see also Thompson v. Austin, 272 F. App'x 188, 192 (3d Cir. 2008) ("Pennsylvania law supports a charge of negligence *per se* when there has been an alleged violation of the motor vehicle code.") (citation omitted).

Here, plaintiffs argue that defendant's admission that he failed to brake before colliding with their vehicle amounts to a violation of

Pennsylvania's Motor Vehicle Code and, thus, demonstrates negligence

*per se*.  The Pennsylvania Motor Vehicle Code provides, in relevant part,

that "[t]he driver of a motor vehicle shall not follow another vehicle more

closely than is reasonable and prudent, having due regard for the speed of

the vehicles and the traffic upon and the condition of the highway."  75 PA.

CONS. STAT. ANN. § 3310(a).  Relevant to the instant motion, it further

provides that

> [n]o person shall drive a vehicle at a speed greater than is
> reasonable and prudent under the conditions and having
> regard to the actual and potential hazards then existing,
> nor at a speed greater than will permit the driver to bring
> his vehicle to a stop within the assured clear distance
> ahead. Consistent with the foregoing, every person shall
> drive at a safe and appropriate speed when approaching
> and crossing an intersection or railroad grade crossing,
> when approaching and going around curve, when
> approaching a hill crest, when traveling upon any narrow
> or winding roadway and when special hazards exist with
> respect to pedestrians or other traffic or by reason of
> weather or highway conditions.

75 PA. CONS. STAT. ANN. § 3361.

In the matter *sub judice*, police cited defendant for violating

Pennsylvania's Motor Vehicle Code at 75 PA. CONS. STAT. ANN. § 3361

("driving too fast for conditions").  (Doc. 35-1, Police Report at 6).

Defendant, however, does not address this citation in any detail.  Rather,

he argues that his oral testimony alone, even when uncontradicted, can

rarely be the basis for granting summary judgment.[3]  It is well-settled, however, that a court may rely on testimonial evidence in deciding whether to grant or deny summary judgment.  See Waskovich v. Morgano, 2 F.3d 1292 (3d Cir. 1993).  Indeed, Rule 56 contemplates that a party moving for summary judgment will rely, in whole or in part, on depositions and admissions.  FED. R. CIV. P. 56(c)(1)(A).

Here, defendant's testimony eliminates any genuine issue of material fact.  Specifically, defendant admitted that the roadway contained hills, that he attempted to navigate with a cellphone GPS while driving, that he did not see plaintiffs' vehicle in front of him until it was "too late," and that he failed to apply his brakes because he "was distracted" just before colliding with the back of plaintiffs' vehicle.  (Doc. 35-3, Def.'s Dep. at 5, 10-15).  These admissions, coupled with defendant's citation for violating

---

[3]  Pennsylvania law provides that uncontradicted oral testimony of the moving party or the moving party's witnesses is generally insufficient to establish the absence of a genuine issue of material fact.  See Nanty-Glo v. Am. Surety Co., 163 A. 523, 524 (Pa. 1932); PA. R. CIV. P. 1035.2 note. Reliance on this rule in federal court is misplaced, however, "as courts in this circuit have consistently found that this state-law procedural rule has no application to motions for summary judgment in federal court."  Seeley ex rel. Shepherd v. Derr, No. 4:12-CV-917, 2013 WL 3776424, at *3 (Pa. M.D. July 17, 2013) (citations omitted).  Even if they did, this rule does not apply when the moving party relies upon the uncontradicted oral testimony of an adverse party.  See, e.g., Rosenberry v. Evans, 48 A.3d 1255, 1259-60 (Pa. Super. Ct. 2012) (citing Askew by Askew v. Zeller, 521 A.2d 459, 464 (Pa. Super. Ct. 1987)).

Pennsylvania's Motor Vehicle Code at 75 PA. CONS. STAT. ANN. § 3361,

sufficiently establish negligence *per se*—that is, the defendant followed

plaintiffs more closely than was reasonable and prudent without due regard

for the conditions of the roadway.  Defendant has not referenced any

specific fact that demonstrates the existence of a genuine issue for trial

and, therefore, even viewing the record in the light most favorable to him,

we conclude that no sufficient evidentiary basis exists upon which a

reasonable jury could find in defendant's favor.

### B. Sudden emergency doctrine

Defendant next contends that summary judgment is improper

because the sudden emergency doctrine relieves him from liability.  The

sudden emergency doctrine states that "a person confronted with a sudden

and unforeseeable occurrence, because of the shortness of time in which

to react, should not be held to the same standard of care as someone

confronted with a foreseeable occurrence."  Lockhart v. List, 665 A.2d

1176, 1180 (Pa. 1995).  A person cannot avail himself of the protection of

the sudden emergency doctrine, however, "if that person was himself

driving carelessly or recklessly."  Id. (citing Chadwick v. Popadick, 159 A.2d

907, 910 (Pa. 1960)).  Based on defendant's citation for violating

Pennsylvania's Motor Vehicle Code and his admissions described above,

the undisputed evidence demonstrates that defendant drove, at the very least, carelessly.  The sudden emergency doctrine, therefore, fails to relieve him from liability.  As such, plaintiffs' motion for partial summary judgment on liability will be granted.

**Conclusion**

Based upon the above reasoning, the court will grant plaintiffs' motion for partial summary judgment on liability.  No genuine issues of material fact exist regarding whether defendant violated the Pennsylvania Motor Vehicle Code and, in so doing, breached a duty of care owed to plaintiffs. An appropriate order follows.

Date: <u>September 27, 2016</u>        <u>s/ James M. Munley</u>
                                     **JUDGE JAMES M. MUNLEY**
                                     **United States District Court**